IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RHONDA DURDEN,<br><br>        Plaintiff<br><br>VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant | NO. 5:07-CV-423 (CWH)<br><br>**SOCIAL SECURITY APPEAL**<br>EAJA PETITION FOR ATTORNEY'S FEES |

# O R D E R

Plaintiff's attorney has moved the court for an award of attorney's fees in the above-captioned case under provisions of the Equal Access to Justice Act (EAJA) for his successful representation of the plaintiff before this court. Tab #17. 28 U.S.C. § 2412(d)(1)(A) provides:

> *Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

In the case at bar, it is uncontroverted that the claimant was a prevailing party; that the fee application was timely filed; that no special circumstances exist that would make an award of attorney's fees unjust; and, that the Commissioner's previous decision denying the claimant Social Security benefits was not substantially justified. Notwithstanding these observations, the plaintiff's attorney still has the burden of substantiating his fee request. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). *See also Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2553-55, 101 L.Ed.2d 490 (1988); *Chynoweth v. Sullivan*, 920 F.2d 648, 649 (10th Cir. 1990).

In order to meet the above burden and substantiate his request, the plaintiff's attorney has submitted an affidavit indicating that he expended 24.25 hours of time on this case. Relying upon this affidavit, he requests compensation under EAJA at an hourly rate of $139.25 which, in consideration of 24.25 hours of time expended, results in a total fee request of $3,376.81. Thereafter, but prior to the undersigned's consideration of the instant motion, a joint stipulation on the issue of attorney's fees was filed by the defendant. Tab #18. In this stipulation, the parties agree that the plaintiff's attorney is entitled to attorney's fees under the EAJA in the amount of **$2,297.62**. This figure is premised upon attorney fees for 16.5 hours of legal work at a rate of $139.25 per hour.

In the past, the undersigned has routinely found in considering other requests for attorney's fees in Social Security cases that a fee of $125.00 per hour is not unreasonable. *See Kay v. Apfel*, 176 F.3d 1322, 1328 (11th Cir. 1999) (noting that the district court is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate). However, based upon plaintiff's counsel's affidavits and the stipulation of the parties in this case, the undersigned now finds that a fee of $139.25 per hour for a period of 16.5 hours is reasonable and appropriate in this case.

Accordingly, in light of the above, **IT IS ORDERED** that counsel's request for attorney's fees pursuant to 28 U.S.C. § 2412(d) be **GRANTED** and that, pursuant to the terms of their joint stipulation, plaintiff's counsel be compensated in the amount of **$2,297.62** (16.5 hours x $139.25/hr.).

**SO ORDERED**, this 17th day of May, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE